UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR WATSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROSEMARY NDOH, et al.,<br><br>    Defendants. | 1:17-cv-00063-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.    BACKGROUND**

David Arthur Watson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 26, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On January 13, 2017, the case was transferred to this court. (ECF No. 6.)

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on August 31, 2017, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 16.) On October 13, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 17.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. PLAINTIFF'S ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California. The events at issue in the First Amended Complaint allegedly occurred at Avenal State Prison in Avenal, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Rosemary Ndoh (Warden), S. Haas (IWL Construction Supervisor), and L. Cruz (Plaint Operations Manager) (collectively, "Defendants").

Plaintiff's allegations follow. On October 29, 2014, Plaintiff was assigned to a G.E.D. classroom as a teacher's aide in Facility "E" Plaza. At approximately 9:40 a.m., Plaintiff was on his way to the restroom in Facility "E" Plaza when he tripped over a 3" ADA pole that was sticking up through the sidewalk. The pole had been cut and left unmarked by defendant Haas. Plaintiff sustained injuries to his forehead and right knee which required two patella surgeries, with another surgery recommended.

This hazard was on the yard for a period of six months, even after repeated requests from other staff members to repair it. The prison staff asked the Maintenance Staff to grind off the protruding pole to make it even with the sidewalk. When the facility was switched from Mainline to SNY, defendants Cruz and Haas consciously ignored requests from Plaza "E" staff. Defendants Haas, Cruz, and Ndoh had a flagrant and reckless disregard for the duty imposed by state laws. After Plaintiff sustained injuries it took the Maintenance Staff approximately twenty-four hours to fix the hazard. Defendant Haas created or set the substandard rules allowing the pole to remain an unsafe hazard. Defendant Cruz failed to adequately train his subordinates in the Cal Osha standard for a safe sidewalk in a correctional institution.

Plaintiff seeks declaratory relief and monetary damages.

## IV. PLAINTIFF'S CLAIMS

### A. Eighth Amendment Failure to Protect Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing

"under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Plaintiff alleges that Defendants failed to protect him from harm. Prison officials have a duty to provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this

"deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff fails to state a deliberate indifference claim under §1983 against any of the Defendants in the First Amended Complaint. At most, Plaintiff states a claim for negligence, which is not actionable under § 1983. Plaintiff has shown that he suffered a serious injury, but Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted against him with deliberate indifference. Plaintiff has not established that any of the Defendants knew he was at substantial risk of serious harm, yet consciously ignored or knowingly disregarded the risk acting unreasonably and causing harm to Plaintiff. Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Plaintiff uses conclusory language to allege that defendants Cruz and Haas "consciously ignored requests" from Plaza "E" staff and defendants Haas, Cruz, and Ndoh "had a flagrant and reckless disregard for the duty imposed by state laws." (ECF No. 17 at 3 ¶3.) This language does not allege the requisite facts required to state a claim. Plaintiff has not set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79.

Therefore, the court finds that Plaintiff fails to state a cognizable Eighth Amendment claim against any of the Defendants.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983, and those claims should be dismissed. As for Plaintiff's claims for negligence and violation of other state court law, those claims should be also be dismissed. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's state law claims fail and should be dismissed. "[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, the court should dismiss this entire case, with prejudice, for failure to state a claim.

Plaintiff should not be granted leave to amend. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This case be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **February 11, 2018**　　　　　　　　**/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE